COMPAGNIE NOGA D'IMPORTA-
TION ET D'EXPORTATION
S.A., Plaintiff–Appellant,

v.

RUSSIAN FEDERATION,
Defendant–Appellee.

No. 08–4567.

United States Court of Appeals,
Second Circuit.

Sept. 22, 2009.

Michael C. Wimpfheimer, Wimpfheimer & Wimpfheimer, New York, NY, for Plaintiff–Appellant.

Howard S. Zelbo (Boaz S. Morag and Vitali S. Rosenfeld, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendant–Appellee.

Present: ROGER J. MINER, CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

The facts and procedural history underlying this action have been fully set forth by the District Court and this Court in prior proceedings. *Compagnie Noga D'Importation et D'Exportation S.A. v. Russian Federation*, 361 F.3d 676, 678–83 (2d Cir.2004); 2002 WL 31106345, at *1–5 (S.D.N.Y. Sept.19, 2002). We assume familiarity by the parties as to the facts, the procedural context, and the specification of appellate issues.

In a Memorandum and Order dated August 15, 2008, the District Court denied the motion to confirm and enforce arbitration awards brought by Appellant Compagnie Noga d'Importation et d'Exportation S.A. ("Noga"). The District Court concluded that Noga had no interest in the awards and, therefore, lacked standing to pursue its claim. Our review of whether a plaintiff has constitutional standing is *de novo. Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, LLC,* 433 F.3d 181, 197 (2d Cir.2005). We review a district court's findings of law, as well as mixed questions of law and fact, *de novo. LoPresti v. Terwilliger,* 126 F.3d 34, 39 (2d Cir.1997). However, we review a district court's findings of fact for clear error. *Rent Stabilization Ass'n of N.Y. v. Dinkins,* 5 F.3d 591, 594 (2d Cir.1993).

It is Appellant's burden to adequately establish that it has standing under Article III, § 2, of the Constitution. In order to satisfy this requirement, Appellant is required to demonstrate a "concrete and particularized" injury in fact, causation, and redressability. *Sprint Commc'ns Co. v. APCC Servs., Inc.,* —— U.S. ——, 128 S.Ct. 2531, 2535, 171 L.Ed.2d 424 (2008). We affirm the Order of the District Court because we find that Appellant has failed to establish that it retains an interest in the arbitral award.

A litigant waives an argument for purposes of appellate review "by failing to present it below," and "an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 132 (2d Cir.2008) (per curiam) (internal quotation marks omitted). "[M]erely typing out the [key] words" or "merely incant[ing] the [key] phrase" "without offering any argument or explanation of the point" to the district court is "insufficient to preserve the issue for appeal." *United States v. Harrell,* 268 F.3d 141, 146 (2d Cir.2001) (internal quotation marks omitted). Although we have "discretion to consider arguments waived below because our waiver doctrine is entirely prudential," we normally decline to consider arguments waived below if those arguments were available to the parties and the parties proffer no reason for their failure to raise the issue. *Nortel,* 539 F.3d at 133.

We have considered the remaining issues raised by Appellant and find them to be either waived or without merit.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**